## GILMORE *vs.* THE ATLANTIC AND PACIFIC RAIL ROAD COMPANY.

Where, in an action upon an agreement, for personal services, the only issue raised by the defendants is, that they did not employ the plaintiff, by themselves or their agents, it is proper to admit proof of payment by the alleged agents; not to prove payment, but to show that the plaintiff considered them, and not the defendants, as his employers; where the payment is made in such a manner as to afford some evidence of the intention of the parties in respect to the question at issue.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged that the defendants, by their agents and contractors, Cyrus Moore, Peter W. Jones and Samuel Waggoner, employed him, the plaintiff, by and with the consent of said company, in the fall of the year 1854, to proceed to the state of Texas and locate and superintend building a rail road, for which services they agreed to pay the plaintiff at the rate of $3000 per annum and his traveling expenses; that the plaintiff went and performed said services, for which said company, the defendants, prom-

ised and agreed to pay him, and is indebted to him therefor in the sum of $2075, with interest from the 1st day of March, 1855 ; for which sum, with interest, the plaintiff demanded judgment. The defendants, by their answer, denied that they ever employed the plaintiff, or authorized Cyrus Moore, Peter W. Jones and Samuel Waggoner, or any of them, to employ the plaintiff, as alleged in the complaint. They also denied that the said Moore, Jones and Waggoner, or either of them, were agents of the defendants for any purpose whatsoever. The defendants also deny that they promised or agreed to pay the plaintiff the sum of money mentioned in the complaint, or any other sum or sums of money whatsoever.

The referee found, as matter of fact, that the defendants did not employ the plaintiff in the service mentioned in the complaint, nor agree to pay him any sum whatever for any such service as in the complaint alleged. And he found, as matter of law, that the defendants were entitled to judgment, and that the complaint ought to be dismissed, with costs.

On the trial, two papers were offered in evidence by the defendants' counsel : one was a bill rendered by the plaintiff against "Peter W. Jones & Co." for his services and expenses under the contract, amounting to $2075, which bill was receipted, at the bottom, by the plaintiff. The other paper was as follows :

"Sept. 1856.

S. Jaudon, Sec'y;

Please issue to Mr. Franklin Gilmore, of Teaneck, New Jersey, five per cent, to amount of his bill presented by Mr. Jones, and charge it to me.         S. WAGGONER.

A. & P. acceptances account."

These papers were objected to by the plaintiff's counsel, on the ground that they were evidence of payment. Objection sustained. They were still offered as evidence that the plaintiff did not give credit to defendants. Objection over-

ruled, and counsel excepted on the ground that it was in reality proof of payment, not admissible under the pleadings.

Samuel Jaudon was called by defendants, and testified that he was secretary of the Texas Western Rail Road Company; that Samuel Waggoner had an account with both companies; that the order and bill was presented, and he issued four hundred and fifteen shares of five per cent stock on said order to F. Gilmore, making $2075; which was charged to Mr. Waggoner, and receipt was filed with order as a voucher.

The plaintiff appealed from the judgment of dismissal.

*D. T. Walden*, for the appellant.

*Robt. B. Campbell*, for the defendants.

CLERKE, P. J.  As the counsel of the plaintiff truly says, in his points, the only issue raised by the defendants is, that they did not employ the plaintiff by themselves or agents. On this issue the referee expressly finds for the defendants.

He correctly admitted proof of payment by the alleged agents, in stock, not to prove payment, but to prove that the plaintiff considered them, and not the defendants, as his employers.  There was a conflict of evidence, upon the issue; and even if we thought that the preponderance of evidence seemed in favor of the plaintiff, it would be contrary to our well established rule to disturb the finding of the referee, unless it was palpably erroneous.

The judgment should be affirmed, with costs.

LEONARD, J.  The exhibits proven by Jaudon tended to prove that Gilmore had given credit to, and had been paid by, Jones & Co., and, of course, that he had not given credit to, or relied on, the responsibility of the defendants.  The evidence was properly admitted.

The evidence of Waggoner, when recalled, is, that Bradley and Gilmore knew nothing of the defendants, and refused

to go to Texas on their employment, unless the contractors, Jones, Waggoner and others, would see them paid and advance their expenses.

The plaintiff has manifested his election as to what parties he would look to as debtors.

The evidence, in my opinion, fully warrants the conclusion of the referee.

MULLIN, J. concurred.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Mullin* and *Leonard,* Justices.]